Argued October 8; affirmed October 15; rehearing denied
November 19, 1929

# D. C. LATOURETTE *v.* COUNTY COURT OF CLACKAMAS COUNTY ET AL.

(281 Pac. 182)

For appellant there was a brief and oral argument by *Mr. John W. Loder* and *Mr. L. E. Latourette.*

For respondents there was a brief and oral argument by *Mr. Fred A. Miller,* District Attorney.

RAND, J. This is an appeal from an order of the circuit court for Clackamas county dismissing a writ of review brought by plaintiff, D. C. Latourette, seeking to have the decision of the county court of Clackamas county, ordering and directing the alteration of the course of a county road over his premises, review for errors therein.

The principal contentions raised by the writ are that the statute under which this alteration was made is unconstitutional in that the proceedings complained of amounted to a taking of his property without due process of law and that if the statute is constitutional it has not been substantially complied with and hence, in either event, the writ should have been sustained. The first contention grows out of the fact that pursuant to the provisions of the statute the proceedings for the alteration of the road were instituted by resolution of the county court and not upon the petition of the resident freeholders of the district and that, because thereof, the county court was an interested party and, therefore, not an impartial tribunal to hear and determine the amount of the damage that should be awarded to plaintiff for the taking of his property. It is also contended that plaintiff did not have sufficient notice of the pendency of the proceedings nor an opportunity to be heard upon the question of the amount of the damages which he would sustain from the alteration of the road, and also that the proceedings failed to describe the land and the amount thereof which would be taken in changing the course of the road.

As stated in *Rockhill v. Benson,* 97 Or. 176 (191 P. 497), the legislative power of the state, except as restricted and limited by the constitution itself, is vested in the legislature and there is no constitutional provision limiting the general powers of the legislature in respect to the establishment of roads and highways except as to the manner in which the legislative power should be exercised. The legislature must exercise the power by the enactment of general laws and not by special or local laws. There is no constitutional provision vesting in any tribunal the power to establish

highways. The constitution is silent in respect to that matter. Hence, the legislature has power by general laws to establish highways and to designate the tribunal or tribunals by whom such powers shall be exercised, whether by the county court in the establishment of county highways or by the state highway commission in establishing state highways, the only limitation being that the highways shall be established pursuant to some general law and not by a special or local act. The power to establish, vacate or alter the course of county roads has always been vested by legislative act in the county courts of the counties in which such roads are located. Prior to the enactment of chapter 295, L. 1917, now § 4538, O. L., proceedings for the laying out and establishment of county roads were instituted by a petition to the county court of the resident freeholders of the district. By that enactment, the power to institute by resolution proceedings to lay out, establish or alter county roads was conferred upon the county courts, and, since that enactment, proceedings for the laying out of county roads may be instituted either by petition of the freeholders, by resolution of the county court, by grant or by condemnation proceedings. In the exercise of such power by the county court, that is by instituting proceedings to change the course of a county road when it is done by resolution of the county court and not by a petition of freeholders, the county court is acting in the capacity of a public tribunal and not as a private party and has no interest in the result of the proceedings except such as arises from the performance of a public duty imposed upon it by law. When so acting and in the performance of such duty, the county court is an impartial tribunal and can hear and determine all questions

which may arise without being subject to the imputation of any private or personal interest in the result of the proceedings. The same presumptions attach to the actions of the county court as would attach if the proceedings had been instituted by a petition of freeholders. No contention is made in this case, and none can be made, that, if the proceedings had been instituted by petition and not by resolution of the county court, the statute authorizing the alteration of the road would not have been constitutional. That being so, this statute, in its application to these proceedings, must be constitutional for, whether the proceedings are instituted by resolution or by petition, the statute requires that the same procedure shall be followed in either case. The statute requires that notice shall be given to the landowner; that he shall be given an opportunity to be heard upon the question of the amount of the damages sustained, and that, when the amount is determined by the county court, he is given the right to appeal to the circuit court and to try out that question before a jury, and then to appeal to this court from that judgment if it is not satisfactory. There can, therefore, be no question under the statute but that every constitutional right of the owner of land affected by the proceedings is fully preserved and protected where the statute is followed and complied with.

The statute authorizing the institution of proceedings for the alteration of a county road is subdivision 2 of § 4538, O. L., and § 4556, O. L., as amended. This latter section was first amended by chapter 155, L. 1927, and later, at the same session of the legislature, by chapter 238, L. 1927. The first amendatory act was approved by the governor and filed in the office of the secretary of state on February 21, 1927, and

contained no emergency clause. The last amendatory act contained no reference to the first amendatory act and contained an emergency clause and was approved by the governor and filed in the office of the secretary of state on March 3, 1927, and went into effect from and after its approval by the governor.

The only substantial difference between these two amendatory acts is that by the last act the county surveyor, county engineer or county road master, if the county road master is a registered engineer, is required, when ordered by the county court, to make the necessary survey before posting the notice of the resolution and is authorized to enter upon, examine and survey privately owned land for that purpose and the county court is given the power to procure right of way for the road either by donation, by purchase or by agreement, and when the title is not acquired by purchase or agreement with the owners of the land the county court is required to appoint a board of road viewers, who shall determine and assess the damages, taking into consideration the benefits of the road as so located. The resolution as adopted for the change of the road in question recites that a change in the course of the road will reduce the curvature and render the road safer and shorter than the road then existing and will do away with many sharp and dangerous curves. The resolution states the points between which the alteration in the old road is to be made and, between said points, contains a complete description of the road as so surveyed by the county engineer. It also states that the center line of the road as changed is staked upon the ground at intervals of 100 feet or less and that the exterior lines of the road are also staked and marked so as to designate the exterior

lines of the right of way required, and that the road is to be 60 feet in width. It also directs that the county surveyor post copies of the resolution as required by law and fixes a time for hearing upon proof of the posting of the copies of the resolution and that proof of notice had been given as required by law. The record of the proceedings then had show that the county clerk of Clackamas county deposited in the United States postoffice and forwarded by registered mail a notice to every landowner whose lands would be affected by the proposed change in the course of the road, including this plaintiff; that said notices so mailed were addressed to each of such landowners to their addresses appearing upon the latest records in the office of the tax collector of said county; that a copy of the resolution and of the notice were posted as required by statute at the place of holding the county court and at three public places along the line of the proposed change, and that said notices as posted contained a copy of said resolution including all of the notes of said survey. The record also shows that the plaintiff in the writ appeared and moved the court to quash and set aside the resolution upon the ground that the statute authorizing the same was unconstitutional, and also upon other grounds which are now urged in support of the writ.

■ A careful examination of the record shows that each and every requirement of the statute in respect to the change of this road has been followed and fully complied with and that plaintiff herein was awarded damages for the taking of his property, as affected by the change, in the sum of $430; that plaintiff, instead of appealing from said award as he could have done to the circuit court for Clackamas county and having

the question of the amount of the damages sustained passed upon and determined by a trial in that court, commenced these proceedings to have the whole action of the county court declared null and void. From an examination of the record, we find that the statute authorizing the change of location of the county road has been substantially complied with in every particular and, from that, it follows that the order dismissing the writ must be affirmed, and it is so ordered.

AFFIRMED.

COSHOW, C. J., MCBRIDE and BEAN, JJ., concur.