Argued March 7, affirmed May 28, 1969

STATE OF OREGON, *Respondent, v.*
BERT WILLIAM MURPHY,
*Appellant.*

455 P2d 178

*Robert Thomas,* Klamath Falls, argued the cause and filed a brief for appellant.

*James A. Sanderson,* Deputy District Attorney, Klamath Falls, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

McALLISTER, J.

The defendant, Bert William Murphy, was convicted in Klamath County of concealing stolen property and sentenced to four years in the custody of the Corrections Division, from which sentence he appeals.

The sole question raised on appeal is the sufficiency of the evidence to warrant a finding that defendant knew that the concealed property, a 12-gauge Winchester shotgun, was stolen.

Murphy was employed on the Brown Ranch near Bonanza. An adjoining ranch was owned by Neal Jones and his wife, with whom Murphy was acquainted. On October 8, 1967, Jones gave Murphy a ride home from Klamath Falls and enroute told Murphy that he was leaving the next morning for Boise to meet his wife, who was returning from a trip. Jones asked Murphy to tell his employer Brown that Jones would be gone for a few days.

Jones and his wife returned on October 13, 1967, and discovered that their home had been broken into and that the shotgun described in the indictment, a case for the shotgun, a transistor radio and a number of coins, including pennies, dimes, half dollars and a silver dollar, had been stolen.

The next day Jones went to the Brown Ranch and with Brown's permission looked in Murphy's room and there found the stolen gun case and transistor radio. Later in the day the sheriff arrested Murphy, who had in his possession the stolen shotgun described in the indictment.

A witness testified that he spent some time with Murphy on October 9 and 10 and that Murphy had in his pickup a transistor radio similar to the one stolen

from Jones. The witness further testified that Murphy paid their admission into a movie with four half dollars and paid the witness for some shotgun shells with a silver dollar and a roll of pennies.

Murphy's employer, Brown, testified that on the afternoon of October 9, 1967, he saw Murphy with a gun of the kind described in the indictment. Murphy, when asked where he got the gun, told Brown that a goose hunter had loaned it to him and was coming back on the weekend to hunt.

The defendant relies entirely on *State v. Long,* 243 Or 561, 565, 415 P2d 171 (1966), in which we held that in prosecutions for receiving or concealing stolen property "mere possession of recently stolen goods is not sufficient to prove guilty knowledge, in the absence of other proof that the accused knew or had reason to know that the goods were stolen." There is such "other proof" in this case.

In *State v. Cameron,* 247 Or 199, 427 P2d 1017 (1967), we held that a fabricated story by the accused as to how he obtained possession of the stolen property is sufficient to support a finding that he knew that the goods were stolen. In this case the shotgun found in Murphy's possession when he was arrested was positively identified by its serial number as the gun stolen from Jones. On the day that Jones left for Boise, Brown saw Murphy with a similar gun, which he told Brown had been loaned to him by a goose hunter. The jury could disbelieve Murphy's story about borrowing the gun from an unidentified goose hunter and infer guilty knowledge that the gun was stolen. *State v. Cameron,* supra; *Crowell v. State,* 195 Miss 427, 15 S2d 508, 509 (1943).

The judgment is affirmed.