Argued January 19, affirmed March 12, petition for
rehearing denied April 7, 1970. Petition for
review denied by Supreme Court
May 12, 1970

# STATE OF OREGON, *Respondent, v.*
# DONALD G. MORRIS, *Appellant.*

465 P2d 892

150

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Billy L. Williamson,* Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

■■■■■■■

FORT, J.

Defendant was convicted of receiving and concealing stolen property. ORS 165.045. He appeals, assigning as error the trial court's overruling of a motion for acquittal based on the insufficiency of the evidence.

On February 10, 1968, the dwelling of one Harold Frisbee was burglarized. Several items were taken, one of which was a Benrus watch. Defendant was arrested three days later, February 13, on an unrelated charge. He was found to have in his possession a watch which was subsequently identified by Frisbee to be that which was taken during the burglary of his home.

Thereafter the defendant told a series of conflicting stories at different times as to how he acquired the watch. No *Miranda*[1] question is involved. For example, he told the arresting officer that he had acquired the watch from a brother of one of the men who was arrested with him on February 13. At trial he admitted this was a lie. Again, during a pretrial interrogation he stated that he had bought the watch from two men at a service station. At trial he also

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

admitted that this was a false story. The defendant's story at trial was that he bought the watch from a Raymond Burkett on January 18, 1968, some three weeks before the burglary. Defendant explained at the trial that he had lied previously because he feared reprisals by Burkett or the prison inmates.

■■ Defendant claims that he did not know that the watch was stolen property when he received it. Oregon law is definitive as to holding that mere possession does not give rise to the presumption of guilty knowledge. *State v. Kibler*, 1 Or App 208, 461 P2d 72 (1969); *State v. Murphy*, 253 Or 444, 455 P2d 178 (1969); *State v. Doster*, 247 Or 336, 427 P2d 413 (1967). Guilty knowledge is the gravamen of the offense. *State v. Long*, 243 Or 561, 564, 415 P2d 171 (1966).

In *State v. Murphy,* supra, the Supreme Court said:

"In *State v. Cameron,* 247 Or 199, 427 P2d 1017 (1967), we held that a fabricated story by the accused as to how he obtained possession of the stolen property is sufficient to support a finding that he knew that the goods were stolen. * * *" 253 Or at 446.

■ Defendant Morris's conflicting stories as to his acquisition of the stolen property were sufficient to enable the jury to infer that the requisite guilty knowledge was present.

■ The defendant further contends the court erred in instructing the jury that ten of their number could convict. *State v. Gann*, 89 Adv Sh 853, 254 Or 549, 463 P2d 570 (1969), settles this question adversely to the defendant.

. .There was no error. The judgment is affirmed.