Submitted on briefs December 15, 1970, affirmed January 7, 1971

STATE OF OREGON, *Respondent, v.*
ANTHONY SPARROW, *Appellant.*

478 P2d 660

Norman L. Lindstedt and Buss, Leichner, Linstedt & Barker, Portland, for appellant.

Rhidian M. M. Morgan, Staff Attorney, Jacob B. Tanzer, Solicitor General, and Lee Johnson, Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction after trial by the court of receiving and concealing stolen property. ORS 165.045.

■ The stolen property charged to have been in defendant's possession was one Torino knit dress. It was seized by authority of a search warrant, along with a large quantity of new clothing, from a motel room occupied by defendant and his wife. The dress in question was marked State's Exhibit 1, and positively identified by the person from whom it had been stolen in a burglary. He is a dress salesman and testified that a large quantity of women's clothing was stolen from him and from adjoining sales rooms at the same time. This man also identified three other dresses, but he testified one, at least, was taken from an adjoining sales room and was not his. Exhibit 4 was a swatch or sample of the cloth which he testified came from the Torino dress, and there was evidence that it, too, had been recovered from defendant's motel room. At the conclusion of the state's case, the prosecutor moved admission of the exhibits. The court sustained the defendant's objection to receiving in evidence all but one of the other three dresses. In doing so the court excluded the positively identified Torino dress, Exhibit 1. The court admitted into evidence the swatch which the salesman stated

had been taken from this dress. It is obvious that Exhibit 1 was inadvertently excluded. Its exclusion was erroneous.

The defendant testified that all of the women's clothes in the motel room belonged to his wife and daughter. His wife testified that the clothes belonged to her. She testified at one point that the Torino dress and another had been purchased two or three days earlier from an acquaintance, whom she could identify only as "Prud." She also said at another point in her testimony that she had had these dresses for a year or a year and one-half. At the time the court announced its verdict, it stated that as a layman he could see that the dresses, including the Torino dress, were new, had sample marks, and had not been worn. Neither defendant nor his wife attempted to explain the presence of the swatch in their room. The wife's story was patently false, made up to support her husband's assertion that the stolen dress was hers.

■ The only claim of error is that there was not substantiated evidence to sustain the conviction. As we have already noted, the Torino dress should not have been excluded from evidence. It was excluded because the defendant objected to receiving any of the dresses in evidence. An Annotation in 152 ALR 371 (1944), states that it is the general rule that if the exclusion of evidence under these circumstances was erroneous the appellate court will consider such evidence as supporting the verdict or finding. The editor of the Annotation cites many cases in support of the rule, one of which is *Dolan v. Continental Casualty Co.*, 131 Or 327, 279 P 855, 281 P 182, 283 P 15 (1929). *Dolan* approved the rule but because the defendant had not had a chance to cross-examine with reference to the

excluded evidence, sent the case back so that he would have that opportunity. In the instant case, the defendant had full opportunity to cross-examine with reference to all of the rejected evidence. We apply the rule in this case.

■ Proof of receiving and concealing stolen property is that the defendant had possession of the stolen property, and that he had guilty knowledge or "good reason to believe" that the property was stolen. A review of the testimony in this case discloses that defendant and his wife fabricated a story as to how they obtained possession of the stolen property. There was a large quantity of new and unused stolen clothing in the motel room. There was a large amount of stolen clothing in another motel room adjoining that of the defendant a few days before defendant was arrested. The presence in defendant's room of the stolen swatch, which would normally come only from a salesman's samples, was unexplained. These circumstances, viewed together, are such that it is reasonable to believe the defendant had guilty knowledge concerning the property. See *State v. Cameron*, 247 Or 199, 203, 427 P2d 1017 (1967), and *State v. Murphy*, 253 Or 444, 455 P2d 178 (1969).

Affirmed.