Argued June 21, affirmed July 15, 1971

# STATE OF OREGON, *Respondent, v.*
# LEON PICKENS, *Appellant.*

487 P2d 95

*Mike Dye,* Salem, argued the cause and filed the brief for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

Defendant appeals from a conviction by the Circuit Court of Marion County of receiving and concealing a stolen rifle. ORS 165.045.[1] He assigns as error the denial of his motion for dismissal on the ground that the state had not proved that defendant "knew or had reasonable knowledge that this particular weapon had been stolen."

A deputy sheriff was called to the parking lot of a shopping center by a citizen who reported that a young man, later identified as the defendant, was chasing a dog with a rifle. The officer, after receiving permission from defendant, made a record check on the rifle and found it to be stolen.

Questioned at the scene, defendant first stated that he had purchased the rifle from an unidentified third party on June Avenue for $30, though he stated that the true value of the weapon was somewhere around $70 or $80. He said he did not know if the

---

[1] ORS 165.045 provides:

"Any person who buys, receives, or conceals or attempts to conceal any stolen money or property, knowing or having good reason to believe that it was stolen, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years, or by imprisonment in the county jail not less than three months nor more than one year, or by a fine of not less than $50 nor more than $500."

rifle was stolen. The officer thereupon arrested defendant for receiving and concealing stolen property. In subsequent questioning by the same officer at the jail, defendant said he did not buy the rifle on June Avenue from the unidentified person. He said instead he was at a friend's home on Broadway Street and at that location he traded a rifle which he, the defendant, already owned, for the rifle involved in the case. Defendant said further that prior to the alleged transaction, his friend left the home, was gone for an hour or two, and came back with a man who had the rifle and with whom the trade was consummated. Defendant's assignment of error is not well founded.

■ Whether defendant knew that the rifle was in fact stolen is to be determined by all the facts and circumstances of the case. *State v. Savan,* 148 Or 423, 36 P2d 594 (1934).

■ ■ Mere possession of recently stolen goods is not sufficient to prove guilty knowledge. *State v. Long,* 243 Or 561, 565, 415 P2d 171 (1966). However here, as in *State v. Kibler,* 1 Or App 208, 461 P2d 72 (1969), there was more than naked possession. Defendant's conflicting accounts of the manner in which he had acquired the stolen rifle were sufficient to enable the court to infer that the requisite guilty knowledge was present. *State v. Morris,* 2 Or App 149, 465 P2d 892 (1970).

■ Defendant's act of carrying the stolen rifle in his automobile was sufficient concealment to come within the terms of ORS 165.045. *State v. Doster,* 247 Or 336, 427 P2d 413 (1967).

Affirmed.