Argued January 18, reversed and remanded January 28,
petition for rehearing denied February 23, petition
for review denied March 31, 1972

STATE OF OREGON, *Appellant, v.* DAVID AR-
NOLD HARDESTY (No. 71-131 C), *Respondent.*

493 P2d 56

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

PER CURIAM.

The state appeals from an order sustaining a demurrer to an indictment charging defendant with concealing stolen property. ORS 165.045. The property allegedly concealed as per the indictment was:

"* * * an Oregon driver's license, draft card, National Hospital Association card, Boy Scout card, Social Security card, Teamster's card and Oregon resident hunting and fishing license * * *."

■ The issue is whether the articles described in the indictment are "property." It is generally held that only property which can be the subject of larceny may be the subject of the offense of receiving or concealing stolen property. *See,* 2 Wharton, Criminal Law and Procedure 292, § 572 (Anderson 1957).

Oregon's larceny statute in effect at the relevant time, ORS 164.310, provided in pertinent part:

"(2) As used in subsection (1) of this section 'property' means any real or personal property, including but not limited to:

"(a) Any goods or chattels.

"(b) Any government note, bank note, coin, money, promissory note, bill of exchange, bond or other thing in action.

"(c) Any book of accounts or order or certificate concerning money due or to become due or goods to be delivered.

"(d) Any deed or writing containing a conveyance of land or any interest therein.

"(e) Any bill of sale or writing containing a conveyance of goods or chattels, or any interest therein.

"(f)   Any valuable contract in force.

"(g)   Any receipt, release, or defeasance.

"(h)   Any writ, process, or public record.

"(i)   Any railroad, railway, steamboat or steamship passenger ticket or other evidence of the right of a passenger to transportation."

■ Defendant contends as to the items described in the indictment:

"* * * [W]hatever intrinsic value could be found in the items * * * would be *De Minimis* and not the kind of property * * * in ORS 164.310(2)."

While certain kinds of items may be *de minimis* and not "property" subject to larceny, this is not true of the items described in the indictment. In *State v. Tauscher,* 227 Or 1, 360 P2d 764, 88 ALR2d 674 (1961), the court said, at 14, even "blank checks are property which may be the subject of theft."

Reversed and remanded.