Argued February 22, affirmed March 23, 1972

STATE OF OREGON, *Respondent, v.* RICHARD
MELVIN ALDEN (No. C-60133), *Appellant.*

495 P2d 302

*Jerome B. Buckley, Jr.,* argued the cause and filed the brief for appellant.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Burgess, Special Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Defendant was convicted on both counts of a two-count indictment charging him with obtaining property by false pretenses, ORS 165.205, and receiving and concealing stolen property, ORS 165.045, both as of July 24, 1970. He makes three assignments of error on appeal: that the trial court erred in denying his motion to strike testimony on grounds of hearsay and in denying his motions for a directed verdict of acquittal on Counts I and II.

On the night of July 24, 1970, defendant purchased an automobile from Albert Beavers. He paid the entire purchase price by check, signing the fictitious name of Robert Harold. Prior to this date,

defendant visited Mr. Beavers several times to discuss the possibility of his buying the car. When Mrs. Beavers, the payee, called the drawee bank she discovered there was no account in the name of Robert Harold. The number on the check was identified as Mr. Kennedy's. The defendant had stayed at the Kennedy home from time to time during June and July 1970.

The indictment alleged that the defendant

"\* \* \* did unlawfully and feloniously obtain from Albert Beavers certain personal property, to-wit, a Chevrolet automobile, the property of Albert Beavers \* \* \*."

■ At the trial Mr. Beavers testified that the car belonged to his daughter and son-in-law.[1] No further questions were asked as to ownership of the car.

When the prosecutor asked if the son-in-law had given Mr. Beavers permission to sell the car, defense counsel objected to the question on grounds of hearsay and the objection was sustained.

After the state rested, defense counsel moved for a directed verdict of acquittal on the grounds that the state had not proven ownership of the car. The court at first stated that the motion was granted, but just a few moments later the court denied the motion and the state was allowed to reopen its case-in-chief. Mr. Beavers was then recalled to the stand. At that time Mr. Beavers testified, without objection by defense counsel, that he had told the defendant that his son-in-law, known by defendant to be the owner, had given Mr. Beavers permission to sell the car.

---

[1] The fact that the indictment erroneously alleged ownership in Mr. Beavers was not a fatal defect. ORS 132.630; State v. Smith and Leonard, 253 Or 280, 286, 453 P2d 942 (1969); *see also,* State v. Wilson, 230 Or 251, 261, 369 P2d 739 (1962).

Defense counsel renewed his motion and objected on the additional grounds that the state had not introduced the current registration into evidence and the certificate of title had not been endorsed.

■ After the second motion for directed verdict on Count I had been denied, defense counsel moved to strike any testimony concerning ownership of the car on grounds of hearsay. The court denied this motion because it was not timely. This is in accordance with the rule that such a motion must be made as soon as the basis for the motion is disclosed. There was no error. *Wallender v. Michas,* 256 Or 587, 475 P2d 72 (1970); *see also Hendricks v. P. E. P. Co.,* 134 Or 366, 374, 289 P 369, 292 P 1094 (1930); *Derrick v. Portland Eye Etc. Hospital,* 105 Or 90, 100-01, 209 P 344 (1922); *Holt et ux v. City of Salem et al,* 192 Or 200, 234 P2d 564 (1951).

■ In order to be guilty of the crime of obtaining money under false pretenses, the state must prove that the defendant obtained title to the property. *State v. Thompson,* 240 Or 468, 472, 402 P2d 243 (1965); *Lilly v. Gladden,* 220 Or 84, 96, 348 P2d 1 (1960). Because there was no evidence that the seller had endorsed the certificate of title, defendant contends that he can only be guilty of larceny. Passage of title, however, does not depend upon compliance with the provisions of ORS 481.405, the motor vehicle registration statute. *Maxwell Co. v. So. Ore. Gas Corp.,* 158 Or 168, 172, 74 P2d 594, 75 P2d 9, 114 ALR 697 (1938); *see also: So. Seattle Auto Auction, Inc. v. Ladd,* 230 Or 350, 359, 370 P2d 630 (1962); *Twombley v. Wulf,* 258 Or 188, 194-95, 482 P2d 166 (1971). Defendant paid the full price and the circumstances indicate that the parties contemplated a completed sale. For these reasons,

*State v. Thompson,* supra, cited by defendant, is not applicable because in that case the seller intended to retain legal title for security purposes. The motion for acquittal was properly denied.

█ █ There was ample evidence to sustain defendant's conviction for receiving and concealing a stolen check. A blank check can be the subject of larceny. *State v. Hardesty,* 8 Or App 249, 493 P2d 56 (1971), Sup Ct *review denied* (1972). Mr. Kennedy testified that he kept several blank checks in his truck, that the defendant had been in his truck, and that he had never given defendant permission to have any check. Defendant's knowledge that the check was stolen could be inferred from the manner in which he used the check, including the fact that he signed a false name. *State v. Nix,* 7 Or App 383, 386, 491 P2d 635 (1971); *State v. Pickens,* 6 Or App 133, 487 P2d 95 (1971); *State v. Sparrow,* 4 Or App 345, 478 P2d 660 (1970).

Affirmed.