Argued April 21, affirmed May 4, petition for rehearing denied May 25, petition for review allowed July 25, 1972

## STATE OF OREGON, *Respondent, v.*
## JANET WELLER, *Appellant.*
### 496 P2d 735

*Stephen S. Walker,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB*, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant, tried by the court, appeals from a guilty finding on a charge of possession of marihuana and resulting sentence. Former ORS 474.020.

The defendant contends that there was insufficient evidence of possession by the defendant. The police had a valid warrant for search for marihuana of the upstairs of the premises at 3914 SE Schiller Street, Portland, based upon officers seeing marihuana growing in pots at a window on September 2, 1971. Making the search, they found only a Mr. Solomon on the

---

* Schwab, Chief Judge, did not participate in this decision.

premises. The upstairs consisted of several rooms, unfurnished except for one bedroom in which, besides furniture, there was women's clothing. In one of the other upstairs rooms were six clay pots in which were growing about 150 marihuana plants. In the occupied bedroom was found an empty envelope, a postal card, and a bill from Providence Hospital, all of which, by their markings, had been through the mail and were addressed to defendant at 3914 SE Schiller. The evidence does not disclose where, in the bedroom, the identification was found. The search was on September 3, 1971. The hospital bill showed that defendant, listed at the Schiller Street address, had surgery at the hospital on July 21, 1971, and had been billed therefor on July 25, 1971. The postal card addressed to defendant is dated August 6, 1971, and the empty envelope is post-marked April 23, 1971. A bill of lading included in the group of proffered exhibits indicated that H. Solomon had shipped two suitcases to the defendant at the Schiller Street address on June 24.

■■ When these were offered in evidence the court sustained defendant's objection to them, apparently because the warrant did not require seizure of identification evidence. In doing so, the court stated it would consider the officer's testimony about the addresses on some of the exhibits because there had been no objection to that testimony. The exhibits offered should have been received. *State v. Garrett,* 7 Or App 54, 489 P2d 994, Sup Ct *review denied* (1971). On appeal, we will consider such erroneously excluded evidence for the support it may give to the ultimate findings of the trial court. *State v. Sparrow,* 4 Or App 345, 347-8, 478 P2d 660 (1971).

■ The trial court apparently concluded that the

testimony it heard was sufficient to sustain an inference that defendant lived in the upstairs of the subject house. We do not reach the question whether that finding was correct upon the evidence the trial court considered, because when the exhibits which should have been received are considered there is more than enough evidence to sustain the inference.

*People v. Antista,* 129 Cal App 2d 47, 50, 276 P2d 177 (1954), relied upon by defendant, is not inconsistent with our conclusion that the conviction in the case at bar must be upheld. In that case, which is somewhat similar to the case at bar on its facts, the court said:

"* * * In all cases we have examined in which conviction was upheld there was some incriminating statement *or circumstance* in addition to the presence of marihuana * * * which indicated knowledge of the defendant of its presence and his control of it * * *." (Emphasis supplied.)

Such a circumstance existed in this case: The presence in one of the rooms of six clay pots containing 150 marihuana plants which necessarily had received care and attention to be growing, could hardly be there without the tenant's knowledge. From that knowledge, and the evidence that defendant had for several preceding months been a tenant of the premises, the inference that defendant had control—which the trial court made—is valid. *State v. Oare,* 249 Or 597, 439 P2d 885 (1968).

Affirmed.