Submitted on briefs June 12, affirmed July 7, petition for
rehearing denied July 25, petition for review
denied September 6, 1972

## STATE OF OREGON, *Respondent, v.*
## JERRY LANE NORED, *Appellant.*
### 498 P2d 839

Carey & Gooding, La Grande, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was convicted by jury of concealing stolen property. He appeals, assigning as principal error the failure of the trial court to grant his motion for acquittal and for a directed verdict.

There was evidence that defendant paid a juvenile $15 to steal a tachometer from Leighton Auto Parts in La Grande for defendant and after the juvenile had purloined the tachometer he brought it to defendant's vehicle. A few minutes later while defendant and the juvenile were driving into a service station in La Grande with the tachometer on the floor of defendant's vehicle they were apprehended by police. Defendant was charged with receiving stolen property in one count and concealing in the other count. The jury found him not guilty of receiving but guilty of concealing.

Defendant's motions for acquittal and directed verdict were based on his claim that there was no proof of the value of the tachometer and no proof of the status of the owner of the stolen property, Leighton Auto Parts, i.e., whether a corporation, individual or partnership.

The value of the property stolen or concealed is

not an element of the offense. Former ORS 165.045.①
The tachometer was property which could be stolen.
*State v. Hardesty,* 8 Or App 249, 493 P2d 56, Sup Ct
*review denied* (1972). Although there was evidence
that the tachometer was stolen from the owner, Leigh-
ton Auto Parts, a business in La Grande, no proof was
introduced as to the status of Leighton Auto Parts.
However, the purpose of the allegation of ownership
in the offense of receiving and concealing is to identify
the property which the defendant is charged with
having received and concealed.

> "* * * The transaction is identified, not only
> by a description of the stolen property, but also
> by the ownership * * * [which is part of the de-
> scription]." *State v. Robinson,* 74 Or 481, 483, 145
> P 1057 (1915).

This requirement of description of the property and
ownership serves to protect the defendant from the
possibility of being charged twice for the same offense.

We have examined the defendant's other assign-
ments of error and find nothing meriting discussion.

Affirmed.

---

① ORS 165.045:

"Any person who buys, receives, or conceals or attempts
to conceal any stolen money or property, knowing or having
good reason to believe that it was stolen, shall be punished
upon conviction by imprisonment in the penitentiary for not
more than five years, or by imprisonment in the county jail
not less than three months nor more than one year, or by a
fine of not less than $50 nor more than $500."