Argued and submitted December 3, 1990, affirmed February 27, reconsideration denied May 22, petition for review denied August 20, 1991 (312 Or 81), reconsideration granted, petition for review allowed October 29, 1991 (312 Or 234)

Ginny M. WARREN,
*Appellant,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
*Respondent.*

(87-0103C; CA A61445)

806 P2d 710

Kathryn H. Clarke, Portland, argued the cause for

appellant. With her on the briefs was D. Lawrence Wobbrock, Portland.

Carrell F. Bradley, Hillsboro, argued the cause for respondent. On the brief was Larry A. Brisbee, Hillsboro.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals from a summary judgment for defendant in which the trial court concluded that an automobile insurance policy excluded coverage for her injuries.[1] We affirm.

Plaintiff was injured when the car in which she was riding was involved in a collision. Cooper, the driver, had borrowed the car from her grandmother, to whom she had recently transferred its ownership, while Cooper's own car was being repaired. Cooper had signed and dated the certificate of title, but her grandmother had not registered the car with the Motor Vehicles Division. Defendant, Cooper's insurer, denied coverage, contending that the insurance policy excluded coverage. The trial court agreed and entered a summary judgment for defendant.

■ The insurance policy provides that

"coverage does not apply to:

"Bodily injury or property damage arising out of the ownership, maintenance, or use by any person of a vehicle in which you have transferred full ownership interest but the transfer does not comply with the vehicle transfer of ownership provisions of the state motor vehicle law." (Emphasis in original omitted.)

At the time of the accident, *former* ORS 481.405(1)[2] provided:

*"To transfer title or any interest in a motor vehicle * * ** issued a certificate of title under this chapter, *the transferor shall sign the certificate and fill in any information required by the division* in the appropriate places on the certificate. *The transferee shall, within 30 days after the transfer, present the certificate to the division,* accompanied by a fee of $7, whereupon a new registration card shall be issued and delivered to the transferee. A new certificate of title shall also be issued to the transferee and delivered to the first security interest holder in order of priority, if any, otherwise, to the transferee." (Emphasis supplied.)

---

[1] Plaintiff filed this action as assignee of the driver's rights against defendant.

[2] *Former* ORS 481.405 was repealed by Oregon Laws 1983, chapter 338, section 978.

It is undisputed that Cooper had signed and dated the certificate of title before the accident. It is also undisputed that the new owner had not registered the car within 30 days after the transfer.

Plaintiff asserts that the "statute clearly contemplates that the 'transfer' is complete at the point when the transferor delivers the filled-in certificate to the transferee." Having transferred the title in that way, plaintiff argues, Cooper had complied with all of the requirements of the statute that she could control and, therefore, had complied with "the vehicle transfer of ownership provisions of the state motor vehicle law," as required by the policy exclusion. In other words, her argument is that, by the very act of transferring title, she necessarily complied with the transfer of ownership provisions of the statute and is entitled to coverage. Further, she argues, registration, which occurs *after* the transfer, cannot be considered a state vehicle transfer of ownership provision. Defendant argues that the plain language of the policy requires compliance with the motor vehicle transfer of ownership provisions and that the law requires both indorsement of the title and registration.

The policy provision is not ambiguous. It says that the *transfer* must comply with state transfer of ownership provisions, *not* that the *transferor* must comply with those provisions. Plaintiff's argument attempts to add words to the policy exclusion, so that the exclusion would apply if the insured had transferred full ownership interest but *the insured* had not complied with the vehicle transfer of ownership provisions of state law. That is not what the exclusion says, and we will not rewrite the contract to make it say that.[3]

■ ■  The decisive question is what the state transfer of ownership provisions require. Assuming, as do the parties, that Cooper's indorsement of the certificate of title was necessary to transfer ownership,[4] the trial court correctly concluded

---

[3] The policy exclusion presupposes that a transfer of ownership has occurred, *but* it applies when that transfer is not in compliance with state law. Plaintiff's argument that the act of transfer *necessarily* entails compliance with the statute fails to recognize that fact.

[4] In *State v. Alden*, 8 Or App 519, 522, 495 P2d 302 (1972), we held that title to a motor vehicle could be transferred even without indorsement of the certificate of title. In 1970, the relevant time in *Alden*, ORS 481.405(1) provided that, "[i]n the event of the transfer * * * of the interest of an owner * * * in a motor vehicle," the owner "shall * * * indorse * * * the certificate." In 1979, that subsection was changed to the form here: "To transfer title or any interest in a motor vehicle * * * the transferor shall sign the certificate * * *."

that the policy exclusion applies. Although registration occurs, under the statute, "after the transfer," it is a transfer provision in that it makes the transfer valid as against the entire world. *So. Seattle Auto Auction, Inc. v. Ladd,* 230 Or 350, 359, 370 P2d 630 (1962). Until registration is completed, the transfer is valid only between the seller and the buyer and as to third parties, *except* "such persons, creditors or innocent purchasers who have been misled by the record or by failure to make the proper changes in the record." *Thiering v. Gage et al.,* 132 Or 92, 104, 284 P 832 (1930). Registration is a continuation of the transfer process and completes the transfer for all purposes. It is part of the transfer of ownership provisions of Oregon motor vehicle law.

Plaintiff argues that excluding coverage because of an action that the transferee failed to take is unreasonable and would require the insured to accompany the transferee to the division to assure that the certificate gets filed. The requirement is not unreasonable. As defendant argues, if the transaction is an arm's length sale between strangers, the insured transferor is unlikely to be driving the car after the transfer. In that case, the exclusion is not likely to apply. If, however, the sale is to a friend or relative from whom the insured may borrow the car from time to time, it is not unreasonable to require that the title be completely transferred in order to assure the legitimacy of the sale.

The policy excludes coverage for vehicles that have been transferred when transfer is not in compliance with state motor vehicle title transfer provisions. Those provisions include duties of both the transferee and the transferor, which had not been performed at the time of the accident in this case. The trial court was correct in granting defendant a summary judgment.

Because we conclude that the insurance policy excludes coverage for plaintiff's injuries, we do not address the remaining assignment of error.

Affirmed.