Argued and submitted October 8, affirmed December 8, 1993

Debra K. THORN,
*Respondent,*

*v.*

Vera M. ADAMS,
*Appellant.*

(92-CV-0192; CA A78045)

865 P2d 417

Cristina Sanz argued the cause for appellant. With her on the briefs was Robert H. Grant.

James R. Dole argued the cause for respondent. With him on the brief was Schultz, Salisbury, Cauble, Versteeg & Dole.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

■ Defendant appeals from a judgment for plaintiff based on the trial court's grant of plaintiff's motion for summary judgment and its denial of her cross-motion for summary judgment. The issue is whether, under ORS 72.4030(3), a buyer in the ordinary course of business acquires legal title to an automobile purchased from a merchant entrusted with the vehicle, even though the buyer did not acquire the certificate of title. We hold that such a buyer acquires legal title, and affirm.

Defendant purchased a car in 1989. On April 15, 1992, her son-in-law, Richard, took the car to Gateley's Fairway Motors (Gateley's), a car dealership that also performed repairs. As defendant's authorized agent, Richard requested an estimate of the car's value, and left it for repairs. Several days later, plaintiff saw the car on Gateley's lot, next to several cars for sale. Gateley's allowed her to take the car for a test drive, and later sold it to her. Gateley's never informed plaintiff that it had no authority to sell the car, nor did it indicate that the car was anything other than inventory.

When Richard learned of the sale, he demanded that plaintiff return the car. She refused, and brought this action for an injunction requiring defendant to deliver the certificate of title to her. She also sought damages for conversion, based on defendant's refusal to surrender the certificate of title. Defendant counterclaimed for an order requiring plaintiff to surrender possession of the car, or, in the alternative, to require plaintiff to pay defendant the reasonable market value of the car.

Both parties moved for summary judgment. The trial court denied defendant's motion and granted plaintiff's motion. It ordered defendant to surrender the certificate of title and to take such other actions as reasonably necessary to register the vehicle in plaintiff's name.

Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lamorie v. Warner Pacific College*, 119 Or App 309, 312, 850 P2d 401 (1993). The parties agree that there is no genuine issue of

material fact. The only dispute is which party was entitled to judgment as a matter of law.

Plaintiff bases her claim of legal ownership on ORS 72.4030, the provision of the Oregon Uniform Commercial Code commonly known as the "entrustment principle." ORS 72.4030(3) provides:

> "Any entrusting of possession of goods to a merchant who deals in goods of that kind gives the merchant power to transfer all rights of the entruster to a buyer in ordinary course of business."

Under ORS 72.4030(4),

> " '[e]ntrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting of the possessor's disposition of the goods have been such as to be larcenous under the criminal law."

Plaintiff contends that defendant entrusted the car to Gateley's, which was a merchant that dealt in goods of that kind, and, therefore, that Gateley's had the power to transfer all rights in the car to her as a buyer in the ordinary course of business.

■ Defendant concedes that the entrustment principle gives merchants the power to pass good title even when the merchant has no authority to sell the goods, but argues that that principle does not apply. She contends that ORS 803.094(1) provides the exclusive method for transferring legal title to a vehicle that has a certificate of title. That statute provides, in part:

> "Except as otherwise provided in this section, *upon the transfer of any interest* shown on an Oregon certificate of title any person whose interest is released, terminated, assigned or transferred, shall release or assign that interest on the title certificate." (Emphasis supplied.)

Nothing in the plain language of the statute describes or limits the methods that may be used to transfer an interest shown on an Oregon certificate of title. Rather, the statute describes what must be done *once the transfer has occurred.*

By its terms, ORS 803.094(1) does not prevent or invalidate a transfer of interest that takes place under ORS 72.4030(3).[1]

 Defendant argues that, even if the entrustment principle of ORS 72.4030 applies, plaintiff still was not entitled to judgment as a matter of law, because she was not a buyer in the ordinary course of business. According to ORS 71.2010(9),

> "[a]'[b]uyer in ordinary course of business' means a person who in good faith and without knowledge that the sale to the person is in violation of the ownership rights * * * of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind * * *."

Good faith is defined as "honesty in fact in the conduct or transaction concerned." ORS 71.2010(19).

Defendant argues that plaintiff could not have acted with honesty in fact, because no legal title can be conveyed at the time of the purchase without a concurrent transfer of the certificate of title. She contends that plaintiff was put on notice that there was something unusual in the transaction when she failed to obtain a certificate of title at the same time she purchased the vehicle.

We disagree. Nothing in the motor vehicle statutes required plaintiff to take possession of the certificate of title

---

[1] The result would be different under two former statutes, which explicitly described the methods for transferring *any* interest in a vehicle. *Former* ORS 481.405 provided, in part:

> "(1) * * * To transfer title *or any interest* in a motor vehicle, trailer or semitrailer issued a certificate of title under this chapter, the transferor shall sign the certificate and fill in any information required by the division in the appropriate places on the certificate." (Emphasis supplied.)

*Former* ORS 481.405 was repealed effective January 1, 1986. Or Laws 1983, ch 338, § 978. It was replaced by *former* ORS 803.095, which provided, in part:

> "This section establishes the procedures for transferring title *or an interest in a vehicle* for which the division has issued a certificate of title. * * * Except as provided in ORS 803.110, the following procedures are for the described type of transfer of an interest:

> "(1) Transfer of title *or any interest in a vehicle* requires completion of * * * the following:

> "(a) The transferor shall sign the certificate of title in the appropriate place provided on the certificate." (Emphasis supplied.)

*Former* ORS 803.095 was repealed by Oregon Laws 1989, chapter 148, section 20, and the present version of ORS 803.094 was added. Or Laws 1989, ch 148, § 20.

at the moment she purchased the car in order to acquire legal title.[2] Absent such a requirement, plaintiff's "failure" to obtain the certificate of title at the moment that she purchased the car is not unreasonable, and does not put plaintiff on notice that the transaction was "unusual." Defendant provides no other support for her contention that plaintiff was not a buyer in the ordinary course of business.

■ Finally, defendant argues that it is unfair to place motor vehicle owners at the mercy of the entrustment principle.[3] That choice was made by the legislature when it adopted ORS 72.4030(3), which mirrors section 2-402(3) of the Uniform Commercial Code. 1 Bailey, *Oregon Uniform Commercial Code* § 2.92 (2d ed 1990). The entrustment principle promotes one of the basic goals of commerce:

> "In most cases the equities between the entruster-owner and the buyer in the ordinary course are equal, and the balance is tipped in favor of the latter because that frees the marketplace and promotes commerce. This goal, called 'security of transactions[,]' is an ideal of the commercial law. The protection of property rights * * * is not an ideal of the commercial law. * * * On the assumption that both the entruster and buyer have been equally victimized by the dishonesty of the merchant-dealer, section 2-403(2) resolves the issue so as to free the marketplace, rather than protect

---

[2] We are not persuaded by defendant's citation to cases from other jurisdictions whose statutes are different. For example, defendant cites *Ballard v. Associates Investment Co.*, 368 SW2d 232, 233-34 (Tex civ app 1963), in which the court applied the then existing Texas certificate of title act, which provided that "no title to any motor vehicle shall pass or vest" until the transfer of the certificate of title occurred. We are equally unpersuaded by defendant's citation to *Ellsworth v. Worthey*, 612 SW2d 396, 400 (Mo App 1981), in which the court cited several pre-UCC cases and concluded that Kansas law provided that the sale of a used vehicle without concurrent delivery of the signed certificate was "fraudulent and void."

[3] Defendant relies on *So. Seattle Auto Auction, Inc. v. Ladd*, 230 Or 350, 370 P2d 630 (1962), and *Warren v. Farmer Ins. Co. of Oregon*, 313 Or 158, 830 P2d 203 (1992), to support her argument that the entruster-owner should prevail over a purchaser. Those cases are inapposite. *So. Seattle* was decided when *former* ORS 75.230 provided:

> "Subject to the provisions of this chapter, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell."

That is no longer the law, and the entrustment principle now applies. *Warren* involved interpretation of an insurance exclusion and transfer of ownership under *former* ORS 481.405(1).

the original owner's property rights." 2 Hawkland, *UCC Series* § 2.403:07 (1992).

The trial court did not err in granting plaintiff's motion for summary judgment and in denying defendant's motion.

Affirmed.