Argued November 7, affirmed December 20, 1973

STUBBLEFIELD, *Appellant, v.* ST. PAUL FIRE &
MARINE INSURANCE COMPANY, *Respondent.*

517 P2d 262

*David A. Vinson,* Eugene, argued the cause for appellant. On the briefs were Sahlstrom, Lombard, Starr & Vinson and E. B. Sahlstrom, Eugene.

*Richard Bryson,* Eugene, argued the cause for respondent. With him on the brief were Calkins & Calkins and Bryson & Robert, Eugene.

TONGUE, J.

This is an action against an insurance company by the husband of a woman who was allegedly enticed by a doctor insured by the defendant to engage in sexual intercourse with him and also with third persons in his presence.

Plaintiff had previously filed an action for alienation of affections and for criminal conversation against the insured. The insurance company had refused to defend that action. The plaintiff then made a settlement with the insured under which a judgment for $50,000 was entered against him, but with a prior "covenant not to execute" against the insured for any amount in excess of $5,000. The insured also executed an "assignment" to plaintiff of all sums in excess of $5,000 due to him and all claims in excess of that amount against the insurance company arising out of the insurance policy issued by it to the doctor.

Plaintiff then filed this action against the insurance company. The answer filed by it alleged, among other things, that the complaint in the previous action against the insured "alleged causes of action based upon intentional acts" of the insured and that "said intentional acts were not covered by defendant's policy of insurance."

The case was tried before the court, sitting without a jury, largely on stipulated facts. The court then made general findings "in favor of the defendant and against the plaintiff." Plaintiff appeals from the resulting judgment. We affirm.

Plaintiff contends that defendant owed a duty to defend its insured because (1) "a two count complaint filed against its insured contained one count alleging unintended harm" (i.e., criminal conversation) and (2) "an average insured would have reasonably expected a defense under the defendant's insurance policy." Plaintiff also contends that under such a "blanket comprehensive liability policy" the defendant "owed a duty to pay a victim whose personal injuries were caused by its insured."

Defendant responds by contending that (1) "the duty to defend is not an issue"; (2) defendant had no duty to pay because the insurance policy "did not cover harm that was intended or to be expected"; (3) that public policy prevents payment in such a case and that, in any event, (4) plaintiff acquired no rights against defendant by the assignment or by the judgment.

These contentions raise a number of important questions relating to the possible ambiguity of this insurance policy and the "reasonable expectations" of the purchaser of such a policy, as well as the extent to which the public policy against the indemnification of a wrongdoer may or may not be applicable so as to foreclose recovery in a case such as this. We need not consider or decide those questions in this case, however, because of the nature and terms of the assignment upon which plaintiff relies as the basis for his right to bring this action.

In *Groce v. Fidelity General Insurance,* 252 Or 296, 302-03, 448 P2d 554 (1969), we held that an insured may assign to an injured person certain claims which the insured may have against an insurance company, at least under circumstances such as those involved in that case. In this case, however, it is contended that by the terms of this insurance policy any such assignment must be approved in writing by the insurance company. See *Groce* at 306. It is also contended that, in any event, the rights of plaintiff under an assignment in such a case can be no greater than any rights to indemnity that the insured may have from the insurance company, which are not enforceable in this case for reasons of public policy.

Aside from these contentions, however, and assuming that public policy would not forbid the enforcement of a proper assignment by an insured to the victim in a proper case, the terms of the assignment in this case were limited to an assignment of all sums due to the insured and all claims by the insured against the defendant insurance company *in excess of $5,000.*

The insurance policy provided that "the Company will indemnify the Insured for all sums which the Insured shall be *legally obligated to pay* as damages and expenses * * * on account of * * * Personal Injuries * * *." (Emphasis added) Assuming, without deciding, that plaintiff suffered "personal injuries" which were within the coverage of the policy, the result of the separate "Covenant Not to Execute" was that the amount which the insured in this case was "legally obligated" to pay to plaintiff as damages for such personal injuries was the sum of $5,000. The insured agreed, however, to pay that amount to plaintiff himself and that amount was expressly excluded from

the assignment and was reserved to the insured. It follows that by the terms of the assignment in this case plaintiff acquired no rights which are enforceable by it against defendant.

This is not an action against an insurance company by a person injured by the conduct of an insured person who has obtained a judgment against that person and has been unable to collect that judgment or has obtained an assignment from an insured person who is insolvent. See ORS 743.783. See also *Groce v. Fidelity General Insurance, supra.*

For all of these reasons we affirm the decision and judgment of the trial court.