**William Eugene BENDALL, Plaintiff,**

v.

**Christopher Eugene WHITE, State Farm Mutual Automobile Insurance Company, Liberty Mutual Insurance Company, Defendants.**

**Civ. A. No. 80–G–1426–NW.**

United States District Court,
N. D. Alabama,
Northwestern Division.

April 23, 1981.

Henry H. Self, Jr., Florence, Ala., for plaintiff.

Robert O. Cox, Poellnitz, Cox, McBurney & Jones, Florence, Ala., James E. Smith III,

Almon, McAlister, Ashe, Baccus & Smith, Sheffield, Ala., for State Farm and Liberty Mut.

Christopher Eugene White, pro se.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause came to the attention of the court upon separate motions for summary judgment filed by defendant Liberty Mutual Insurance Company and defendant State Farm Mutual Automobile Insurance Company. The insurance companies rely primarily on pertinent provisions in the policies of insurance; alternatively, both defendants argue that the "covenant not to execute" signed by the defendant-driver, Christopher Eugene White, relieves the driver, if insured, of any "legal obligation to pay" the judgment.

■ Counsel for the plaintiff and counsel for the defendant State Farm Mutual Automobile Insurance Company stipulated the terms of applicable policies issued by State Farm to James T. Floyd, stepfather of defendant Christopher Eugene White, on which the plaintiff's claim is based. Such policies provide that coverage is provided to the use of a "non-owned automobile" only if "such use, operation or occupancy is with the permission of the owner or person in lawful possession of such automobile and is within the scope of such permission." Non-owned automobile is defined as:

Non-owned automobile—means an automobile, trailer or detachable living quarters unit, not

(1) owned by,

(2) registered in the name of, or

(3) furnished or available for the frequent or regular use of

the named insured, his spouse, or any relative of either residing in the same household, other than a temporary substitute automobile.

The vehicle involved in this action was owned by Air Products and Chemical Company and was available to Mr. Floyd *only* for use in his employment to make service calls. Defendant Christopher Eugene White took the truck, which was involved in the accident in this action, without permission while his stepfather was out of town for the weekend. Christopher Eugene White had never used the truck on any other occasion, to his stepfather's knowledge, prior to the occasion on which this accident occurred. No affidavits providing an issue of fact were submitted by the plaintiff, nor does the plaintiff allege that Christopher Eugene White had permission to operate the automobile. Thus, there is no coverage under the applicable policies issued by State Farm on the "non-owned automobile" because it was used without permission.

Alternatively, it is held that there is no coverage for this non-owned automobile because it was "furnished or available for the frequent or regular use of the named insured." (See the applicable provision above.)

■ The plaintiff also seeks to recover from Liberty Mutual Insurance Company on a policy issued to Air Products and Chemical Company. The only policy issued by Liberty Mutual Insurance Company which insured the subject vehicle on September 3, 1978, the date of the accident, provides that no coverage is afforded to any person driving an insured automobile without the permission of the named insured, Air Products and Chemical Company. (See Section II(C) of the applicable policy.) Air Products and Chemical Company only gave Mr. Floyd permission to use the truck. Therefore, there is no coverage for the use by Christopher Eugene White.

Alternatively, the policies issued by both State Farm and Liberty Mutual Insurance Company provide that the companies will only pay on behalf of the insured "all sums which the insured shall become legally obligated to pay as damages." A non-execution agreement was signed between the plaintiff and defendant-driver Christopher Eugene White on March 31, 1980, entering judgment against the defendant Christopher Eugene White in the amount of $900,-000.00, with a covenant not to execute

against the personal assets of the defendant other than his contractual rights under a policy of insurance.

 There appear to be no cases on the applicability of a "covenant not to execute" in this jurisdiction. However, the Oregon Supreme Court in a well-reasoned "in banc" decision held that a "covenant not to execute" made the insured not legally obligated to pay the amounts in question. *Stubblefield v. St. Paul Fire and Marine Insurance Company*, 267 Or. 397, 517 P.2d 262 (1973). Following the reasoning of the Oregon case, this court holds that due to the covenant not to execute, Christopher Eugene White, if he is an "insured," is not legally obligated to pay the judgment and, therefore, the judgment amount is not covered by either insurance policy.

Christopher Eugene White is dismissed by this court as a nominal party, due to the judgment entered against him in state court, he having been sued here as a mere formality.