# LANCASTER,
*Appellant,*

*v.*

# ROYAL INSURANCE COMPANY OF AMERICA,
*Respondent.*

(A8402-01107; CA A35364)

709 P2d 254

Robert J. Miller, Sr., Beaverton, argued the cause for appellant. With him on the brief were Brien F. Hildebrand, and Moomaw, Miller & Reel, Beaverton.

Lee Aronson, Portland, argued the cause for respondent. With him on the brief was Holmes, DeFrancq & Schulte, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff brought this action to recover damages for personal injuries he sustained in an automobile accident caused by the negligence of Joseph Martin, who was employed at the time of the accident by defendant Columbia Fence Co. Defendant Royal Insurance Company is Columbia's insurer. Plaintiff appeals from the summary judgment in favor of Royal.[1] We affirm.

Before bringing the present action, plaintiff brought an action against Martin. In settling that action, plaintiff and Martin entered into an agreement whereby Martin assigned to plaintiff "all his rights of recovery * * * and enforcement of obligations" against Columbia, its insurers "and all other persons having any responsibility or liability for the judgment entered in favor of [plaintiff] against Mr. Martin." In return, plaintiff promised "not to enforce said judgment against Mr. Martin by execution or any other manner." *After* the agreement was executed, a stipulated judgment was entered in plaintiff's favor.

Plaintiff then brought this action, alleging, *inter alia,* that Royal is liable to plaintiff as Martin's assignee for the amount of the judgment that Martin owes plaintiff. The insuring provision of Royal's policy provides, as relevant, that it "will pay all sums the insured legally must pay as damages because of bodily injury or property damage."[2] The trial court granted Royal's motion for summary judgment on the apparent basis that, under *Stubblefield v. St. Paul Fire & Marine,* 267 Or 397, 517 P2d 262 (1973), plaintiff's promise not to enforce the judgment he later obtained against Martin means that Martin is not legally obligated to pay damages to plaintiff and, therefore, plaintiff, as Martin's assignee, is not entitled to recover from Royal.

Policy considerations and the law as the Supreme

---

[1] Plaintiff's action against Columbia was not resolved by the judgment from which plaintiff appeals. The trial court certified the judgment as final pursuant to ORCP 67B. We *assume for purposes of this opinion* that Royal's coverage applied to Martin in connection with the accident.

[2] The policy defines "insured" to include "[a]nyone * * * using with [the named insured's] permission a covered auto." Although plaintiff argues otherwise, Martin's relationship to Royal was simply that of an "insured," *if* Royal's coverage was available to Martin at all under the circumstances. *See* n 1, *supra.*

Court had construed it before it decided *Stubblefield, see Groce v. Fidelity General Insurance,* 252 Or 296, 448 P2d 554 (1968), support plaintiff's position. However, we must agree with the trial judge that *Stubblefield* is controlling and requires the result he reached. *See also Collins v. Fitzwater,* 277 Or 401, 409-11, 560 P2d 1074 (1977).[3] None of plaintiff's efforts to distinguish this case from *Stubblefield* succeeds.

Affirmed.

---

[3] It is clear under *Groce* and *Collins,* as we understand them, that plaintiff's action would not be defeated by *Stubblefield* if the judgment in plaintiff's action against Martin had been entered *before* the assignment had been executed. Although there is *some* logic to that distinction, it seems to us rather unlikely that Martin would have stipulated to the judgment before obtaining plaintiff's promise not to enforce it. The usual sequence of events is for parties to agree to a settlement before they stipulate to a judgment.