Argued and submitted April 2, decision of the Court of Appeals is reversed; judgment
of the trial court is reversed and remanded for further proceedings October 7, 1986

LANCASTER,
*Petitioner on Review,*

*v.*

ROYAL INSURANCE COMPANY OF AMERICA,
*Respondent on Review,*

(TC A8402-01107; CA A35364; SC S32444)

726 P2d 371

Robert J. Miller, Sr., Beaverton, argued the cause and filed the petition for petitioner on review. With him on the petition was Moomaw, Miller & Reel, Beaverton.

Lee Aronson, Portland, argued the cause and filed the brief for respondent on review.

Arthur C. Johnson and Mike Ellickson, Eugene, filed a brief *amici curiae* on behalf of Arthur C. Johnson. With them on the brief was Johnson, Quinn, Clifton & Williams, Eugene.

CAMPBELL, J.

## CAMPBELL, J.

This case involves a covenant not to execute and an assignment of rights against an insurer.

Plaintiff was injured in an automobile accident involving Joseph R. Martin. He brought an action against Martin; Martin's employer, Columbia Fence Company (Columbia); and Columbia's insurer, Royal Insurance Company (Royal). The claim against Columbia was severed and held in abeyance. Royal denied coverage and refused to defend the lawsuit. Thereafter, Martin entered into a settlement agreement with plaintiff. On July 1, 1983, plaintiff agreed not to execute "personally" on a judgment against Martin, in return for Martin's assignment of his rights, if any, against Columbia and Royal. On August 23, 1983, plaintiff and Martin executed a stipulated judgment in favor of plaintiff in the amount of $40,493.03.

Plaintiff later sued Royal for the amount of the stipulated judgment, relying on his rights as Martin's assignee. The insurance policy provided that:

"We will pay all sums the insured *legally must pay as damages* because of bodily injury or property damage to which this insurance applied, caused by an accident and resulting from the ownership, maintenance or use of a covered auto." (Emphasis added.)

Royal moved for summary judgment, asserting that the insured, Martin, was not legally obligated to pay any damages because plaintiff's covenant not to execute was entered into before the judgment. Therefore, Royal argued, plaintiff had acquired no rights against it by taking assignment of Martin's rights. The trial court allowed summary judgment in favor of defendant insurer, and the Court of Appeals affirmed. 76 Or App 436, 709 P2d 254 (1985).

The broad issue to be decided, as framed by the parties, is whether, under the quoted policy provision, an agreement not to execute a judgment personally against an insured, if entered into before judgment is entered, extinguishes the legal obligation of the insured and, therefore, of the insurer. Alternatively stated, is the key factor in determining whether an insured is "legally obligated" the language of a covenant not to execute or its timing? The

narrower issue we must address is: Was there a material issue of fact concerning whether the covenant completely released Martin (and, therefore, Royal) from any obligation to plaintiff?

We conclude that the language of the covenant, not the timing, is key. Based on the language of the covenant in the present case, there was a material issue of fact regarding whether Martin remained legally obligated under the agreement. Therefore, summary judgment was improper; the Court of Appeals is reversed and the case is remanded to the trial court.

## DISCUSSION

■ The courts below held that *Stubblefield v. St. Paul Fire & Marine,* 267 Or 397, 517 P2d 262 (1973), compelled summary judgment for the insurer. The trial court did not explain why it believed this was so, leaving the Court of Appeals to speculate as to the "apparent basis" of the trial court decision. Under *Stubblefield,* according to the Court of Appeals, "plaintiff's promise not to enforce the judgment he *later* obtained against Martin means that Martin is not legally obligated to pay damages to plaintiff and, therefore, plaintiff, as Martin's assignee, is not entitled to recover from Royal." *Lancaster,* 76 Or App at 438. (Emphasis added.) Thus, the Court of Appeals interpreted *Stubblefield* as holding that a promise not to execute against an insured, if made *before* judgment against the insured has been entered, extinguishes the legal obligation of the insured and, therefore, of the insurer. That interpretation is erroneous, although understandable, given a later case by this court, *Collins v. Fitzwater,* 277 Or 401, 560 P2d 1074 (1977), which also erroneously interpreted *Stubblefield.*

In *Stubblefield,* a man sued his wife's doctor, the insured, for alienation of affections and criminal conversation. The insurer refused to defend. Prior to judgment, plaintiff and doctor entered into an agreement under which plaintiff gave a "covenant not to execute" against the doctor for any amount greater than $5,000, and the doctor assigned his rights for all sums due from, and all claims greater than $5,000, against the insurer, arising from the doctor's policy. Judgment was stipulated to and entered against the doctor for $50,000. The doctor agreed to pay plaintiff $5,000.

The plaintiff in *Stubblefield,* as assignee of the doctor's rights, then sued the insurer. The insurance policy, as in the case at issue, provided that the insurer would indemnify the doctor for all sums he was "legally obligated to pay as damages and expenses" on account of personal injuries. 267 Or at 400. This court held that the covenant not to execute had the effect of limiting the amount the doctor was "legally obligated to pay" to $5,000. Because the assignment expressly excluded all sums due and all claims against the insurer for less than $5,000, the assignment passed no rights to plaintiff.

In interpreting *Stubblefield,* this court in *Collins* stated:

"We concluded that the only amount that the doctor was 'legally obligated' to pay was the $5,000 given in exchange for the covenant not to execute. This is because no judgment was entered against the doctor until *after* the execution of the covenant not to execute. Therefore, we held that the plaintiff acquired no enforceable rights under the assignment." *Collins,* 277 Or at 409. (Emphasis in original.)

■ The *Collins* court quoted the following penultimate paragraph of *Stubblefield* as establishing that judgment must be entered before the covenant in order for the insured to be legally obligated:

" 'This is not an action against an insurance company by a person injured by the conduct of an insured person who has obtained a judgment against that person and has been unable to collect that judgment or has obtained an assignment from an insured person who is insolvent. *See* ORS 743.783. *See also Groce v. Fidelity General Insurance * * * [252 Or 296, 448 P2d 554 (1969)].' 267 Or at 401." *Collins,* 277 Or at 410.

This paragraph in *Stubblefield* relates to an action under a specific statute, ORS 743.783, (*see post*) not to a general requirement that a judgment be entered before a covenant not to execute in order for the insured to be "legally obligated." We conclude that *Collins'* interpretation of *Stubblefield* was incorrect.

The key to *Stubblefield* is found in the language of the covenant, not in its timing. In *Stubblefield,* an *unconditional* covenant preceded judgment, so that the insured was never legally obligated to pay any amount beyond $5,000. The insurance policy was never invoked beyond $5,000, and the assignment of rights arising from that policy passed no rights

to plaintiff. The court noted that *"by the terms of the assignment in this case,* plaintiff acquired no rights which are enforceable by it against defendant." *Stubblefield,* 267 Or at 401. (Emphasis added.) Thus, the court in *Stubblefield* concluded that when an insured is released from liability to the assignee, the insured is not legally obligated to his assignee, and the insurance company in turn is not obligated to its insured.

This court in *Collins* and both courts below in this case were wrong to conclude that this court's earlier decisions require that a covenant not to execute exchanged for an assignment, if made before judgment, renders the assignment essentially worthless. Whether the assignment was made of a judgment in existence or a judgment to come into existence is not determinative of whether or not the insured's assignee may maintain an action against the insurance company. Rather, the language of the covenant is determinative.

When an insured gives an injured party an assignment of rights in exchange for a "covenant not to execute," the agreements are a contract and their effect is determined by standard contract principles, *i.e.,* interpretation of the language of the agreements. We conclude that the language of the covenant involved here is ambiguous as to whether the insured was legally obligated to the plaintiff.[1]

The "Assignment of Interest" agreement between plaintiff and the insured stated that plaintiff "hereby agrees not to enforce said judgment against Mr. Martin [the insured] by execution or any other manner against Mr. Martin *personally* * * *." (Emphasis added.)[2] Plaintiff asserts that the cove-

---

[1] Other jurisdictions have concluded that even if the insured discharges all liability, a covenant not to execute coupled with an assignment and settlement agreement is *not* a release relieving the insurer of its obligation. For example, in *Steil v. Florida Physicians' Ins. Reciprocal,* 448 So 2d 589, 591 (Fla Dist Ct App 1984), the insurer argued that because the insured had never paid or become obligated to pay, and the insurer's policy obligations were predicated upon the insured's liability, it could not be held responsible. The court disagreed, holding that the insurer was not exonerated because the insured was able to obtain his own discharge from liability. *Steil,* 448 So 2d at 591. *See also Globe Indem. Co. v. Bloomfield,* 115 Ariz 5, 562 P2d 1372 (1977); *State Farm Mut. Auto. Ins. v. Paynter,* 122 Ariz 198, 593 P2d 948 (Ct App 1979); *Zander v. Casualty Insurance Co.,* 259 Cal App 2d 793, 66 Cal Rptr 561 (1968); and *Miller v. Shugart,* 316 NW2d 729 (Minn 1982).

[2] The "Assignment of Interest" agreement provided in full:

nant not to execute, by its terms, was an agreement that plaintiff would not execute personally against Martin, but was not a release of Martin from his liability on the judgment obtained by the plaintiff. As to the intent underlying that agreement, plaintiff submitted to the trial court an affidavit by Martin which states that the agreement meant that the plaintiff:

"* * * would not attach my wages or execute against my personal belongings. I understood that this agreement did not discharge my obligation to pay the judgment and if I acquired any real property, this judgment would become a lien on that property and could be enforced accordingly. He (the plaintiff) would also be able to use any other rights he may have to enforce this judgment. It was and is my belief that I am still legally obligated to pay this judgment."

■    As used in the agreement, "personally" could have meant, as Martin stated in his affidavit, that plaintiff could not execute against Martin's personal property but that Martin remained liable as to his real property,[3] or it could have meant that plaintiff would not execute against Martin but would execute against the insurer. Other meanings are also

---

"ASSIGNMENT OF INTEREST

"Comes now, JOSEPH R. MARTIN, and for good and valuable consideration, including the execution of the Stipulated Judgment in the case of SCOTT E. LANCASTER, Plaintiff vs. JOSEPH R. MARTIN, Defendant, Circuit Court of the State of Oregon, for the County of Multnomah, Case No. A8208-05042, Mr. Martin hereby assigns all his rights of recovery, choses in action, and enforcement of obligations between Mr. Martin and his former employer, Columbia Fence Company and Columbia Fence Company's insurers, and against any and all other persons having any responsibility or liability for the judgment entered in favor of Mr. Lancaster against Mr. Martin.

"Mr. Lancaster hereby agrees not to enforce said judgment against Mr. Martin by execution or any other manner against Mr. Martin personally in exchange for said assignment and consent to the entry of the stipulated judgment.

"Said assignment may be raised as a defense by Mr. Martin in response to any attempt by Mr. Lancaster to seek enforcement against Mr. Martin personally by execution or by any other means.

"This assignment has been read by the parties subscribing to it and each of the parties have had the opportunity to consult with their attorney prior to executing this agreement and now execute this agreement fully and voluntarily of their own free will and with full understanding of all the contents of this agreement."

[3] The agreement itself does not covenant (as did those in *Stubblefield* and *Collins*) to prevent liens from attaching to insured's property.

possible. Martin's affidavit creates a factual issue as to the terms of the agreement. That factual issue precludes summary judgment by the trial court.

Plaintiff also claims a right to recover from Royal under ORS 743.783 (now renumbered 743.772), which provides:

> "A policy of insurance against loss or damage resulting from accident to or injury suffered by an employe or other person and for which the person insured is liable, or against loss or damage to property caused by horses or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall contain within such policy a provision substantially as follows: 'Bankruptcy or insolvency of the insured shall not relieve the insurer of any of its obligations hereunder. If any person or legal representative of the person shall obtain final judgment against the insured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within 30 days after it is rendered, then such person or legal representative of the person may proceed against the insurer to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto.' "

In the Court of Appeals, plaintiff argued that he had a right to recover under ORS 743.783, but that court did not address the issue.

Defendant contends that ORS 743.783 is not applicable because plaintiff did not plead a claim under that statute; rather, plaintiff's claim was based upon the assignment from Martin and the assertion of Martin's rights under the insurance contract. Defendant asserts that because plaintiff did not assert a claim under ORS 743.783, plaintiff cannot now assert that the trial court should be reversed on the basis of that statute.[4]

The requirements for pleading a claim are set out in ORCP 18, which provides:

> "A pleading which asserts a claim for relief, whether an

---

[4] Because ORS 743.783 as a matter of law creates a contractual provision, this pleading issue is a contractual, rather than a statutory, one. However, the result is the same.

original claim, counterclaim, cross-claim, or third party claim shall contain

"A. A plain and concise statement of ultimate facts constituting a claim for relief without unnecessary repetition."

In *Davis v. Tyee Industries, Inc.*, 295 Or 467, 479, 668 P2d 1186 (1983), we held that "whatever the theory of recovery, facts must be alleged which, if proved, will establish the right to recover." *See also Scovell v. TRK Trans, Inc.*, 299 Or 679, 683, 705 P2d 1144 (1985) (Lent, J., specially concurring.)

■ ORS 743.783 plainly indicates that execution of final judgment must be returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or judgment must not be satisfied within 30 days after it is rendered in order for the statutory right to apply. Plaintiff failed to plead either element; therefore he failed to plead ultimate facts sufficient to constitute a claim for relief under ORCP 18A.

■ However, under ORCP 23, the trial court may allow plaintiff to amend his pleadings. Because we are remanding the case, and the trial court may allow an amendment of the pleadings, it is proper to consider those matters that go beyond the scope of the pleadings in this case. *Cf. Adams v. State Farm Mutual Auto. Ins. Co.*, 283 Or 45, 50, 581 P2d 507 (1978).

Defendant contends that, even if plaintiff's claim based on the insurance contract provision required by ORS 743.783 is considered, plaintiff is not entitled to recovery because plaintiff agreed not to enforce the judgment against Martin prior to the entry of judgment. Defendant further asserts that a plaintiff may attempt to collect only those insurance proceeds which are due under the insurance contract. According to defendant, it owed nothing under the insurance contract because Martin was not legally obligated to pay damages, and ORS 743.783 cannot be read to create coverage where it does not otherwise exist under the policy.

In this court, plaintiff asserts that the agreement between himself and Martin was not a complete release or satisfaction of judgment which would act as a defense against a plaintiff bringing an action based on the insurance provision

required by ORS 743.783.[5] Thus, both parties appear to agree that the application of the provision required by ORS 743.783 hinges on whether Martin was legally obligated to pay damages. We have already concluded that whether Martin was legally obligated was an unresolved factual issue precluding summary judgment.

In light of this genuine issue of material fact, the grant of summary judgment to defendant was error. The decision of the Court of Appeals is reversed. The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings.

---

[5] In his brief to the Court of Appeals, plaintiff argued that if he proved that Martin was the insured under the policy between Royal and Columbia and that the judgment had not been satisfied within thirty days, he was entitled under the insurance provision required by ORS 743.783 to proceed against Royal for the amount of the judgment, regardless of the nature and legal effect of Martin's assignment of rights to plaintiff and plaintiff's covenant not to execute against Martin. Plaintiff does not present this argument to this court.