OREGON MUTUAL INSURANCE COMPANY,
*Plaintiff,*

*v.*

GIBSON et al,
*Defendants.*

JOHANSSON et al,
*Appellants,*

*v.*

CLARK et al,
*Respondents.*

(85-CV-110; CA A41875)

746 P2d 245

David R. Maier, Portland, argued the cause for appellants. On the brief were Law Offices of Steven J. Weber, a Professional Corporation, San Francisco, California, Thomas K. Hooper, and Hutchinson, Hutchison & Hooper, Portland.

James M. Callahan, Portland, argued the cause for

respondents. With him on the brief was Bittner & Barker, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Third-party plaintiffs Johansson, Alexander and Lee (plaintiffs)[1] were injured while riding as passengers in a dune buggy driven by Oregon Mutual Ins. Co.'s (Oregon Mutual) insured, Gibson. They brought an action against Gibson, asserting claims of negligence and reckless conduct. Gibson was defended by an attorney retained by Oregon Mutual. The action was settled by a stipulated judgment for Johansson for $1,500,000. Oregon Mutual agreed to pay $1,000,000 from its umbrella liability coverage. Gibson agreed to assign to Johansson all of his claims against his insurance agents, third-party defendants (defendants), for failure to procure adequate insurance. In exchange, plaintiffs executed covenants not to execute and not to sue Gibson beyond the $1,000,000 umbrella liability coverage.

Oregon Mutual initiated proceedings for declaratory relief against Gibson and plaintiffs with respect to the $500,000 balance, which equaled its primary liability coverage. Plaintiffs then filed a third-party complaint as assignees of Gibson against defendants, alleging that, if Gibson's vehicle was not covered by his primary liability coverage with Oregon Mutual, the lack of coverage was directly caused by defendants' negligent failure to advise Gibson regarding his insurance and their negligence in failing to procure insurance. Defendants moved for summary judgment on the ground that no material issues of fact existed and that, because of the covenant, they were not liable to Gibson for failure to advise or procure insurance as a matter of law and that plaintiffs therefore could not prevail as his assignees. Their motion was granted. This appeal involves only the summary judgment.

Plaintiffs argue that the Supreme Court's opinion in *Lancaster v. Royal Ins. Co. of America,* 302 Or 62, 726 P2d 371 (1986), requires reversal. *Lancaster* held that the interpretation of *Stubblefield v. St. Paul Fire & Marine,* 267 Or 397, 517 P2d 262 (1973), by the court's opinion in *Collins v. Fitzwater,* 277 Or 401, 560 P2d 1074 (1977), was incorrect. In *Stubblefield,* the plaintiff covenanted not to execute against the insured for any amount greater than $5,000 in exchange for

---

[1] Because the controversy on appeal is only between third-party plaintiff and third-party defendants, we will refer to them as plaintiff and defendant.

the insured's assignment of his rights for all claims greater than $5,000 against the insurer arising from the insurance policy. The policy provided that the insured was covered for damage that he was legally obligated to pay as damages and expenses. Judgment was stipulated to and entered against the insured for $50,000. Plaintiff, as assignee, sued the insurer. The Supreme Court, in affirming the trial court's judgment for the insurer, stated:

"[T]he result of the separate 'Covenant Not to Execute' was that the amount which the insured in this case was 'legally obligated' to pay to plaintiff as damages for such personal injuries was the sum of $5,000. The insured agreed, however, to pay that amount to plaintiff himself and that amount was expressly excluded from the assignment and was reserved to the insured. It follows that by the terms of the assignment in this case plaintiff acquired no rights which are enforceable by it against defendant." 267 Or at 400.

In interpreting *Stubblefield v. St. Paul Fire & Marine, supra,* the Supreme Court in *Collins v. Fitzwater, supra,* concluded that the insured was only legally obligated to pay $5,000, because no judgment was entered against the insured until *after* execution of the covenant not to execute. 277 Or at 409. In *Lancaster v. Royal Ins. Co. of America, supra,* however, the court held that that interpretation was incorrect and that the language of the covenant, rather than its timing in relation to the judgment, is determinative. Under the covenant involved in *Lancaster,* the plaintiff agreed not to enforce the judgment against the insured "personally." The court held that a factual issue remained because, as used in the agreement, "personally" could have meant that, although the plaintiff could not execute against the insured's personal property, the insured remained liable as to his real property. The court noted that *Stubblefield* was distinguishable, because the covenant in that case was *unconditional.* 302 Or at 66.

The agreement between plaintiffs and Gibson provides, in relevant part:

"NOW, THEREFORE, for the sole consideration of $1,000,000.00 paid to the undersigned covenantor and her attorney, Steven Weber, on behalf of Jack Robert Gibson, his heirs and assigns, by Oregon Mutual Insurance Company, the undersigned covenantor hereby covenants and agrees with the covenantee as follows:

"The covenantor executes this document as a covenant not to enforce any judgment or judgments in favor of covenantor against the covenantee arising out of the subject of the pending lawsuit hereinabove mentioned, irrespective of the amount of the judgment which covenantor may obtain against Jack Robert Gibson or any associated developments arising out of the accident of June 23, 1984. The covenantor agrees not to in any manner enforce or attempt to enforce any judgment against any of the assets of the covenantee, except his liability insurance.

"* * * * *

"If judgment herein is entered in favor of the covenantor and against the covenantee, the covenantor does hereby agree to satisfy said judgment as to any particular parcel of real or personal property upon request of covenantee and submission of a release form on said property for execution by covenantor."

The effect given to an assignment of rights in exchange for a "covenant not to execute" is governed by standard contract principles. *Lancaster v. Royal Ins. Co. of America, supra,* 302 Or at 67. We conclude that the language of the covenant involved unambiguously states that the insured is not legally obligated to pay plaintiff any more than what was paid on his behalf by Oregon Mutual. As in *Stubblefield v. St. Paul Fire & Marine, supra,* it unconditionally insulated the insured from any liability over that amount. Although this action differs from *Stubblefield* and *Lancaster* in that it is based on a theory of negligent failure to procure insurance and is against the insurance agents rather than against the insurer, the issue is the same. Had defendants' insurance agents procured the coverage alleged to be deficient, that coverage would not have become implicated, unless the insured became legally obligated to pay more than what was already paid on his behalf by his insurer. Under the covenant, however, he can never be required to pay any more than the coverage under the existing insurance.

Affirmed.