Submitted on remand from the Oregon Supreme Court June 16, reversed and remanded in part; otherwise affirmed September 30, 1992, reconsideration denied February 17, petition for review pending 1993

Ginny M. WARREN,
*Appellant,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
an Oregon corporation,
*Respondent.*

(87-0103C; CA A61445)
838 P2d 620

Kathryn H. Clarke, Portland, for appellant. With her on the briefs was D. Lawrence Wobbrock, Portland.

Carrell F. Bradley, Hillsboro, argued the cause for respondent. On the brief was Larry A. Brisbee, Hillsboro.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

This case is on remand from the Supreme Court. 313 Or 158, 830 P2d 203 (1992). Plaintiff, who was injured in an automobile accident, is the assignee of the insured driver's claim against her insurer. The insurer refused coverage and failed to defend the insured against plaintiff's claim. Plaintiff seeks recovery from the insurer for the amount of the default judgment that she obtained against the insured, which exceeds the policy limits. In our previous opinion, we concluded that the insurance policy did not provide coverage for plaintiff's injuries. 106 Or App 116, 806 P2d 710 (1991). The Supreme Court found coverage and reversed and remanded for us to consider the remaining issues in the case.

Plaintiff's complaint alleges two claims: breach of the insurance contract and failure to settle within the policy limits. Because we concluded that the policy did not provide coverage, we did not address defendant's alternative argument for affirming the trial court's summary judgment in its favor or the assignment relating to the claim for failure to settle.

Defendant argues that the contract claim is barred by a covenant not to execute on the judgment that is contained in the assignment of the claim from the insured to plaintiff. It asserts that the covenant not to execute shields the insured from liability and, therefore, that defendant can have no obligation under its policy to indemnify. The trial court concluded that there were issues of fact regarding that theory for summary judgment. It then granted defendant's motion for summary judgment on the alternative theory that the insurance policy did not provide coverage. Defendant reasserts its reliance on the covenant not to execute as an alternative basis for affirming the trial court's summary judgment.

■ Assignment of a claim against an insurer in return for a covenant not to execute may extinguish an insurer's liability under an indemnity policy. *Far West Federal Bank v. Transamerica Title Ins.*, 99 Or App 340, 343, 781 P2d 1259 (1989), *rev den* 309 Or 441 (1990). An injured party's unconditional agreement not to execute on any judgment entered

against the insured, which insulates the insured from liability, leaves no possibility of a loss that the insurer is obligated to indemnify. *See Stubblefield v. St. Paul Fire & Marine*, 267 Or 397, 517 P2d 262 (1973).

■ We conclude that there are questions of fact that preclude summary judgment on the contract claim. The assignment, executed in May, 1986, provides, in part:

> "(4) [Plaintiff] agrees that she will not take any steps to enforce this judgment against the personal assets of [the insured], her heirs or estate."

In October, 1986, the insured and plaintiff executed an "Addendum to Agreement and Assignment of Rights," which provides:

> "WHEREAS the attached Agreement and Assignment of Rights was prepared with the intention that the Agreement would be executed prior to the prima facie hearing scheduled for June 3, 1986 on plaintiff's Motion for Default Judgment; and
>
> "WHEREAS the Order for Default Judgment, granting plaintiff a judgment in the amount of $125,000, was signed by Circuit Court Judge Alan Bonebrake on May 15, 1986, on the basis of plaintiff's written submission and without an oral hearing; and
>
> "WHEREAS questions have arisen to the effect of the original agreement; and
>
> "WHEREAS the parties seek to clarify any confusion; it is therefore agreed:
>
> "That despite the Court's premature signing of the judgment that the operative terms of the agreement and assignment of rights will be given their full effect and meaning in that [the insured] does agree to assign all rights she has against Farmers Insurance Group stemming from their failure to defend, indemnify, hold harmless, or otherwise protect her in the Washington County Circuit Court Case No. 85-1189, and in exchange, *[plaintiff] agrees that she will not take any steps to enforce the judgment against the personal assets of [the insured], her heirs and estates, during the pendency of any action brought by [plaintiff] against Farmers Insurance Group* stemming from their failure to defend, indemnify, hold harmless or otherwise protect [the insured] in the Washington County Circuit Court Case No. 85-1189." (Emphasis supplied.)

As in *Lancaster v. Royal Ins. Co. of America*, 302 Or 62, 67, 726 P2d 371 (1986), the language in the covenant that plaintiff will not execute against the "personal assets" of the insured is ambiguous. It is not clear whether the agreement precludes execution only against the insured's personal property but allows execution against her real property or whether the intent was to allow plaintiff to execute only against the insurer. The evidence submitted in connection with the summary judgment motion does not resolve that ambiguity.

Furthermore, the addendum to the agreement provides that the covenant not to execute continues only during the pendency of the action against the insurer. The addendum says that it is intended to clarify the original agreement. Defendant argues that "[p]laintiff does not explain how an Addendum executed five months after an original document can resurrect rights which are extinguished." If the trier of fact finds that the addendum is only a clarification of the original agreement, and thus that the covenant not to execute is limited in time, the conditional covenant does not extinguish defendant's obligation to indemnify the insured for the judgment against her. If it finds that the addendum was merely an afterthought to preserve plaintiff's rights against the insurer and that the true agreement was to insulate the insured from any liability, defendant has no obligation. The trial court correctly refused to grant a summary judgment on the theory that defendant was insulated by the covenant.

Plaintiff also assigns error to dismissal of her claim for "negligence," by which she seeks to recover the full amount of the default judgment, which was in excess of the policy limit. The complaint alleges that defendant was negligent "[i]n failing to accept plaintiff's offer to fully compromise and settle her claim against [the insured] by payment of the policy limits proceeds." The trial court granted defendant's motion to dismiss for failure to state a claim, ORCP 21A, on the basis that plaintiff's claim is limited to one on the contract.

Plaintiff argues that we should recognize a tort claim for failure to settle within the policy limits, *see Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 831 P2d 7 (1992),

under facts such as these, where the insurer has not undertaken defense of the claim. Defendant responds that the duty to exercise due care arises only when the insurer has undertaken the defense and that failure to defend is merely a breach of contract and cannot lead to tort liability for failure to settle within the policy limits.

In *Farris v. U.S. Fid. and Guar. Co.*, 284 Or 453, 587 P2d 1015 (1978), the Supreme Court held that an insurer's failure to exercise good faith in denying coverage is a breach of contract, not a tort. The court discussed the rationale for allowing recovery for failure to settle within the policy limits: The insurer is held to a duty of good faith[1] because, having undertaken the defense, the interests of the insurer come into conflict with the interests of the insured when there is a probability that the judgment will be greater than the policy limits. In that case, the insurer has everything to gain and nothing to lose by rejecting a settlement offer for the policy limits. The court then concluded that that rationale does not apply when the insurer fails to undertake the defense of the claim:

> "In the present case, defendant did not undertake this fiduciary duty to represent the insured's interest in the litigation — it refused it. It did not, in the course of representing plaintiffs, violate its fiduciary duty arising out of sole control of the settlement. It never undertook any fiduciary duty by purporting to act in the interests of the insured." 284 Or at 460. (Footnote omitted.)

Plaintiff is correct that *Farris* is not directly in point. The settlement in that case was within the policy limits, and so there was not a question of the insurer's liability for an amount in excess of the policy limits. The question was whether the plaintiff could recover damages for mental anguish. However, the court's unequivocal language and its reasoning apply equally to a claim for recovery of an excess judgment that is a result of the insurer's failure to defend. Because the duty to exercise due care in the defense of a claim against the insured arises from the control the insurer exercises over the defense and settlement by reason of its

---

[1] More recently, the duty has been defined as the exercise of "such care as would have been used by an ordinarily prudent insurer with no policy limit applicable to the claim." *Maine Bonding v. Centennial Ins. Co.*, 298 Or 514, 518, 693 P2d 1296 (1985).

undertaking defense of the claim, failure to defend constitutes only a breach of contract, whether the breach results in a judgment within or outside the policy limits. If the defense is not undertaken, the duty to exercise reasonable care does not arise.

 The Supreme Court's most recent excess liability decision reasserts that position. In *Georgetown Realty v. The Home Ins. Co., supra,* the Court held that a claim for failure to settle within the policy limits is actionable as a tort. It discussed its earlier excess liability cases and concluded:

> "When a liability insurer undertakes to 'defend,' it agrees to provide legal representation and to stand in the shoes of the party that has been sued. The insured relinquishes control over the defense of the claim asserted. Its potential monetary liability is in the hands of the insurer. That kind of relationship carries with it a standard of care that exists independent of the contract and without reference to the specific terms of the contract." 313 Or at 110. (Citation and footnote omitted.)

It also said, in a footnote:

> "In *Farris v. U.S. Fid. and Guar. Co., [supra],* the insurer refused to defend at all. This court held that damages in tort were not recoverable because performance was never undertaken. '[D]efendant's failure to undertake representation of plaintiffs which required them to represent themselves could only have been a breach of contract, and, in cases of breach, the law is clear that no recovery for mental distress because of threat of pecuniary loss is recoverable.' 284 Or at 464-65. Where, as in *Farris,* the breach involves a complete failure to perform, * * * damages in tort are not recoverable. According to Dean Prosser, most courts hold that 'a failure to begin or attempt performance of a contract * * * [amounts] to mere breaches of contract, for which no tort action will lie.' Prosser, Selected Topics on the Law of Torts 388-89 (1953)." 313 Or at 108 n 5.

Because the duty to exercise reasonable care regarding settlement of a claim arises from the exercise of the right to control the defense and not from the mere existence of the right to defend, plaintiff's claim for failure to settle within the policy limits fails.

 There is much appeal to plaintiff's argument, which is supported by cases that she cites from other jurisdictions.

In all fairness, it is difficult to see why the insurer should be in a better position by refusing to defend and thereby breaching the insurance contract than it would have been had it undertaken the defense but done so negligently. We fail to see any principled distinction between the conflict of interest that exists when an insurer makes a decision whether to defend and the conflict that exists when, having undertaken the defense, a settlement opportunity arises that would cost the insurer its policy limits but would result in no personal liability for the insured. Were we writing on a clean slate, we might reach a different result. However, *Farris* dictates the result in this case: If an insurer does not defend a claim, and thereby breachs its contract with the insured, its liability, if any, is only for breach of contract, not for a tort.[2]

The trial court correctly dismissed plaintiff's claim for failure to settle within the policy limits.

Reversed and remanded as to contract claim; otherwise affirmed.

---

[2] We express no opinion as to whether the full amount of the judgment might be recoverable in the contract action as consequential damages arising from the insurer's breach of its contractual obligation to defend.