On appellant's petition for reconsideration filed June 4, reconsideration allowed; former opinion (193 Or App 375, 91 P3d 741) clarified and adhered to as clarified August 4, 2004

# Tom JOHNSON,
## *Appellant,*

*v.*

# Nancy BROWN
# and Deschutes County,
## *Respondents.*

## 99CV0360AB; A115017

95 P3d 235

Roxanne L. Farra and Roxanne L. Farra, P.C., for petition.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

PER CURIAM

Linder, J., concurring.

## PER CURIAM

Plaintiff has filed a motion for reconsideration of our decision in *Johnson v. Brown*, 193 Or App 375, 91 P3d 741 (2004), which we treat as a petition for reconsideration. *See* ORAP 6.25. We grant reconsideration and adhere to our former opinion, writing to address only plaintiff's contention that the issue of executive privilege for defamatory statements was not adequately raised to the trial court or on appeal.

Plaintiff correctly argues that the parties did not, either at trial or on appeal, cast their arguments in terms of "executive privilege." But that is not fatal to a conclusion that the issue was raised sufficiently for our review. As our opinion describes, absolute privilege for defamatory statements is a privilege that may arise in a variety of settings. *Id.* at 380-81. References to executive privilege, judicial privilege, and so on serve as shorthand to describe the particular circumstances that give rise to an absolute privilege for defamatory statements. Here, as we outlined in our opinion, the parties at trial debated, among other bases for an absolute privilege, whether the privilege was triggered by defendant's public employment and the fact that she was engaged in her official responsibilities when the alleged defamation occurred. *Id.* at 381. The trial court considered those arguments in its summary judgment ruling, and the parties' briefs on appeal renewed those arguments, even if those arguments were not their principal ones. *Id.* at 382-84. Plaintiff's insistence that the issue was not preserved elevates the label that the parties used over the substance of the privilege that they debated.[1] The trial court had adequate notice of the issue, as

---

[1] Plaintiff also relies on defense counsel's concession, during oral argument, that the defense of executive privilege was not raised at trial. Defense counsel's concession was more narrow than plaintiff perceives, however. Defense counsel, although acknowledging that executive privilege was not raised or discussed as such, also maintained that whether absolute privilege should apply to a public versus private employee engaged in reporting work-related misconduct "was discussed and briefed extensively below." Thus, defense counsel effectively conceded only that the label of "executive privilege" was not used, not that the privilege was never discussed in substance. In all events, we are bound by the record on questions of preservation, not by the parties' positions. *State v. Wyatt*, 331 Or 335, 346, 15 P3d 22 (2000).

did we on appeal. We adhere to our conclusion that the issue was adequately preserved.

Reconsideration allowed; former opinion clarified and adhered to as clarified.

**LINDER, J.**, concurring.

I agree with the majority that the issue of executive privilege for the allegedly defamatory statements was adequately preserved for our review. I write separately, however, to identify an additional reason why we should adhere to our former opinion.

Even if defendants had not pleaded absolute privilege broadly enough to invoke executive privilege, and had not otherwise raised the substance of executive privilege at trial, the existence of absolute privilege on that theory provides an alternative ground for affirmance. As the Oregon Supreme Court has held, when a trial court on remand may allow the pleadings to be amended, appellate courts may consider matters that go beyond the scope of the pleadings. *Lancaster v. Royal Ins. Co. of America*, 302 Or 62, 70, 726 P2d 371 (1986). Consistently with that holding, we have affirmed on alternative grounds where an affirmative defense is available to the defendant as a matter of law, despite the fact that the defendant neither pleaded nor raised the affirmative defense at trial. *See Durham v. City of Portland*, 181 Or App 409, 427-28, 45 P3d 998 (2002) (affirming on alternative ground of issue preclusion, even though issue preclusion had not been raised at trial).

In this case, if we were to remand for trial, it would be a simple matter for defendants to move to amend their answer to raise executive privilege. The factual admissions in plaintiff's pleadings, as well as the record developed for summary judgment, amply establish that the allegedly defamatory statements were made by an executive officer while engaged in the performance of her official responsibilities. *See Johnson v. Brown*, 193 Or App 375, 385-87, 91 P3d 741 (2004). Under *Shearer v. Lambert*, 274 Or 449, 452-54, 547 P2d 98 (1976), and *Chamberlain v. City of Portland*, 184 Or App 487, 490-92, 56 P3d 497 (2002), absolute privilege clearly

applies to the alleged defamation. Thus, as a matter of judicial economy, it would be appropriate for us to affirm the trial court's grant of summary judgment to defendants even if plaintiff were correct that defendants did not raise executive privilege as a defense at trial.