**NOT FOR PUBLICATION**

FEB 23 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A&T SIDING, INC., | No. 12-35180 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00980-AC |
| v. | |
| CAPITOL SPECIALTY INSURANCE CORPORATION, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted July 10, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

A&T Siding appeals the district court's order granting summary judgment in

favor of Capitol Specialty Insurance Corporation. A&T maintains that Capitol, its

insurer, is liable for the $1.1 million balance of an amended settlement agreement

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

between A&T and the Brownstone Homes Condominium Association. We

certified the following question to the Oregon Supreme Court:

> The parties' original settlement agreement, under which Brownstone Homes Condominium Association released A&T from liability and signed a covenant not to execute the stipulated judgment against A&T, was construed pursuant to *Stubblefield v. St. Paul Fire & Marine Ins. Co.*, 517 P.2d 262 (Or. 1973), also to release A&T's insurer, Capitol Specialty Insurance Co., from liability. The parties assert that such a construction was contrary to the parties' original intent. Under Oregon law, may the parties amend the settlement agreement to reflect their original intent, and thereby restore the insurer's duty to provide coverage for A&T's resulting liabilities to the extent its policy provides coverage for the loss alleged by Brownstone?

The Oregon Supreme Court answered the question in the negative, ruling that A&T

and Brownstone's amendment did not reform the agreement so as to restore any

liability released by the original settlement agreement. *A&T Siding, Inc. v. Capitol*

*Specialty Ins. Corp.*, 358 Or. 32, 48 (2015). But the Oregon Supreme Court later

overruled *Stubblefield* and held that A&T and Brownstone's original settlement

agreement did not extinguish Capitol's liability. *Brownstone Homes Condo. Ass'n*

*v. Brownstone Forest Heights, LLC*, 358 Or. 223, 246-47 (2015). We vacate the

order granting summary judgment to Capitol because the original settlement

agreement did not extinguish whatever liability Capitol may have to A&T under

the insurance policy. We recognize that, upon remand, there will be parallel

2

federal and state suits litigating Capitol's liability to A&T. We leave it to the district court to decide on remand whether to exercise its discretion to abstain in favor of the parallel state proceedings. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).

We **VACATE** and **REMAND** for proceedings consistent with this disposition.

Each party shall bear its own costs and fees in this case.